

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 8, 2022

**BY ECF**
Hon. Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *United States v. Christopher Davalos*, 22 Cr. 45 (PGG)

Dear Judge Gardephe:

    The Government respectfully submits this letter in advance of the sentencing of Christopher Davalos, currently set for December 15, 2022, at 4:30 p.m. For the reasons set forth below, the Government respectfully submits that a sentence of 36 months' imprisonment—which is below the stipulated guidelines range (the "Stipulated Guidelines Range") of 51 to 63 months' imprisonment—is sufficient but not greater than necessary to serve the purposes of sentencing.

    **I.**    **Offense Conduct**

    On November 22, 2020, the defendant, along with two other men, including co-defendant Tajh Washington and another individual (the "Individual"), participated in a robbery of a convenience store in the Bronx, New York. (Presentence Investigation Report ("PSR") ¶ 11.) The three men entered the store together wearing dark clothing; Davalos was wearing a black hooded sweatshirt, dark pants, dark sneakers, and a mask. (Complaint "Compl." ¶ 6(a)).[1] The Individual and Washington approached the cashier, and the Individual brandished a firearm and demanded money. (*Id*. ¶ 6(c)). The defendant stood at the entrance of the store and acted as a lookout during the robbery. (PSR ¶ 11). The defendant, Washington, and the Individual then exited the store and ran in the direction of the residence where the defendant resided. (Compl. ¶ 8-9).

    **II.**    **Procedural History, Guilty Plea, and Applicable Guidelines Range**

    On or about August 31, 2021, the defendant was arrested on a Complaint charging the defendant with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count One); Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); and using,

---

[1] Washington is referred to in the Complaint as "Individual-1," and the Individual is referred to in the Complaint as "Individual-2."

carrying, and brandishing a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). On or about September 13, 2021, Washington was arrested and charged with the same offenses. On or about January 24, 2022, the grand jury returned an indictment charging the defendant and Washington with the same offenses (the "Indictment"). On or about September 25, 2022, the defendant pleaded guilty, pursuant to a plea agreement (the "Plea Agreement"), to Count One of the Indictment.

The Plea Agreement and the U.S. Probation Office ("Probation") agree on the Guidelines calculation. Pursuant to U.S.S.G. to §2B3.1(a), the base offense level is 20. (PSR ¶¶ 6(c), 20). Pursuant to U.S.S.G. § 2B3.1(b)(2)(C), because a firearm was brandished or possessed, five levels are added. (*Id*. ¶¶ 6(d), 21). After a three-level decrease for acceptance of responsibility, the defendant's total offense level is 22. (*Id*. ¶¶ 6(f), 29.) The defendant has a criminal history score of four and is therefore in Criminal History Category III. (*Id*. ¶¶ 6(g), 34.) Accordingly, the Stipulated Guidelines range is 51 to 63 months' imprisonment. (*Id*. ¶¶ 6(h), 69.)

### III.   Discussion

#### A.   Applicable Law

While advisory following *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines remain "the starting point and the initial benchmark" for sentencing proceedings. *Gall v. United States*, 552 U.S. 38, 49 (2007). That is because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Id.* at 46. For that reason, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

In imposing a sentence, the Court must consider the factors set forth at 18 U.S.C. § 3553(a), which include the "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id*. § 3553(a)(6). The factors also include the "need for the sentence imposed"

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

*Id.* § 3553(a)(2).

### B. The Court Should Impose a Sentence Below the Stipulated Guidelines Range of At Least 36 Months' Incarceration

A sentence of 36 months' imprisonment—which is below the Stipulated Guidelines Range of 51 to 63 months' imprisonment—would appropriately take into account the factors set forth in 18 U.S.C. § 3553(a). In this case, the most salient factors are the nature and circumstances of the offense, the need to protect the public from further crimes of the defendant, and the need to afford adequate deterrence to criminal conduct.

The defendant committed a dangerous and serious offense. The defendant engaged in a conspiracy to conduct an armed robbery of a convenience store in the Bronx, New York. The defendant and his co-coconspirators arrived at the store together, and the defendant's co-conspirator brandished a firearm at the cashier, while the defendant stood watch at the door. It goes without saying that crimes involving firearms are extremely serious and endanger the safety of entire communities. Moreover, the defendant's activity could easily have resulted in real injury to civilian victims. The Individual brandished a firearm at the cashier, and in addition, during the course of the robbery, at least one customer was present. The possession of a firearm by the defendant and his co-coconspirators for the purpose of robbing a convenience store posed a serious threat to civilians and warrants a significant incarceratory sentence.

An incarceratory sentence is also needed for purposes of specific deterrence and to protect the public from further crimes of the defendant. The defendant's activity in the instant offense demonstrates his immediate risk to the public. The defendant sought to participate in an armed robbery of a convenience store. Further, the current case is the defendant's third conviction. The defendant was previously convicted of robbery in the first degree in 2009, for which he was sentenced to a five-year term of imprisonment. An incarceratory sentence is necessary to reflect the seriousness of the offense and ensure that the defendant does not attempt to perpetrate additional violent crimes that would pose a serious harm to the community.

An incarceratory sentence below the Stipulated Guidelines Range, of at least 36 months' imprisonment, however, will account for mitigating factors that apply specifically to this defendant. As set forth in the PSR and the defense submission, the defendant has encountered significant challenges throughout his life. The defendant suffered from an unstable upbringing, due to lack of parental involvement and guidance, as well as enduring mental health issues and learning disabilities. The defendant has also experienced extended periods of homelessness and has resided in shelters. Significantly, the defendant has shown a positive adjustment to Pretrial Supervision and has maintained sporadic employment in various labor positions, which reflects his ability to maintain employment and earn an honest living and reduces the risk of recidivism. Finally, the defendant's conduct is slightly less culpable than his co-conspirators, in that the defendant served as a lookout for the robbery and did not brandish a firearm. An incarceratory sentence below the Stipulated Guidelines Range of at least 36 months' imprisonment will acknowledge these mitigating circumstances, while simultaneously ensuring respect for the law, avoiding unwarranted sentencing disparities, and furthering the legitimate purposes of sentencing.

**IV.     Conclusion**

      For the reasons set forth above, the Government respectfully requests that the Court impose a sentence below the Stipulated Guidelines Range of at least 36 months' imprisonment. A sentence of at least 36 months' imprisonment, but less than the Stipulated Guidelines Range, would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By: _____
      Mitzi S. Steiner
      Assistant United States Attorney
      (212) 637-2284