**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

November 25, 2024

<u>Via ECF</u>

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

The Court will conduct a Conference in this case on December 20, 2024 at 2:00 pm.

**SO ORDERED:**

*/s/ Paul G. Gardephe*
Paul G. Gardephe, U.S.D.J.
Dated: Dec. 17, 2024

Re:     <u>United States v. Christopher Davalos</u>
        22 Cr. 45 (PGG)

Dear Judge Gardephe,

      I write to respectfully request a conference to discuss the conditions of Mr. Davalos's probation in the above-captioned matter.

      On December 15, 2022, the Court sentenced Mr. Davalos to five years' probation in connection with his conviction for Hobbs Act robbery conspiracy. The Court imposed this non-carceral sentence because it recognized, *inter alia*, the remarkable progress Mr. Davalos had made (self-initiated, before his arrest) overcoming substantial challenges including his past marijuana use, mental health conditions, homelessness, unemployment, and child custody issues, and it did not wish to jeopardize that progress. One of the key stabilizing forces in Mr. Davalos's turnaround has been the mental health treatment he receives from his counselor at the Nathaniel Clinic (CASES), with whom he started treatment in June 2021. (PSR ¶ 52.)

      In connection with his efforts to regain custody of his daughter, Mr. Davalos also enrolled in substance abuse treatment for his marijuana use before he was arrested in this case.[1] Mr. Davalos successfully completed this programming in early 2022. (Doc. 41-10.) From his August 31, 2021 arrest (at the latest) through sentencing, Mr. Davalos did not return any positive drug tests. (PSR ¶ 57.) To defense counsel's understanding based on a conversation with Probation, in the nearly two years he has been on probation, Mr. Davalos has returned one (1) drug test that was positive for marijuana, but no other substances. In total, Mr. Davalos has refrained from illicit substance use for (at least) 39 months. Throughout this time, in recognition of his successful completion of an ACS-approved substance abuse program and his clean record, neither Pretrial Services nor Probation required Mr. Davalos to attend separate substance abuse treatment. And in recognition of Mr. Davalos's long-standing relationship with his mental health

---

[1]    Mr. Davalos has no other substance abuse history. (PSR ¶¶ 54–57.)

<u>United States v. Christopher Davalos</u>
22 Cr. 45 (PGG)

treatment provider at CASES, both Pretrial Services and Probation permitted him to continue receiving treatment at the Nathaniel Clinic.

      Recently, however, Mr. Davalos was assigned a new Probation Officer who has directed Mr. Davalos, beginning in early December, to start attending cooccurring substance abuse and mental health treatment at a new provider contracted through Probation. Probation has not identified any additional failed drug tests from Mr. Davalos that would warrant the imposition of substance abuse treatment given his lengthy clean record. Rather, his new Probation Officer has identified vague "concerns" about Mr. Davalos's risk for substance use and Probation's "standard practice" to refer individuals to cooccurring treatment with a contracted service provider. More importantly, requiring Mr. Davalos to switch to (unnecessary) cooccurring substance abuse treatment would sever his relationship with his longtime mental health services provider, with whom he has been working for three and a half years and whose work has been essential to Mr. Davalos's stability and success.

      Mr. Davalos has had no supervision violations during his 16 months of pretrial supervision and his 23 months of probation. (PSR ¶ 9.) Instead, he has persevered and overcome numerous substantial challenges, as the Court has recognized. And Mr. Davalos is not resistant to supervision. As the Court may recall, Mr. Davalos built a positive, supportive relationship with his Pretrial Services Officer, with whom the Court spoke before sentencing.

      Given this history, and being mindful of the tenuousness of the progress Mr. Davalos has made to date, we respectfully submit that Probation's proposal to impose unnecessary substance abuse treatment and sever Mr. Davalos's longstanding relationship with a mental health treatment provider that has yielded substantial positive results is unwarranted on the present record and counterproductive. Mr. Davalos is already under a significant amount of stress due to the recent death of his mother, his custody of his young daughter, the maintenance of his recently acquired housing, his ongoing employment, and his legitimate mental health needs. Disrupting the stabilizing forces in Mr. Davalos's life in the absence of a demonstrated need would be contrary to the Court's wishes for Mr. Davalos as reflected in its judgment in this case.

      Accordingly, we respectfully request that the Court order Probation to not require Mr. Davalos to attend cooccurring substance abuse and mental health treatment absent a record of failed drug tests, and direct Probation to permit Mr. Davalos to continue receiving mental health services from his longtime provider, as he has for the past 39 months on federal supervision. In the alternative, we respectfully request a conference to address these issues.

                                      Respectfully submitted,

                                      /s/

                                    Neil P. Kelly
                                    Assistant Federal Defender
                                    (212) 417-8744

cc:      AUSA Mitzi Steiner
           Probation Officer Noah Joseph